UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| EUGENIA ARPINO, <br> ON BEHALF OF HERSELF AND <br> ALL OTHERS SIMILIARLY SITUATED, <br><br> Plaintiff, <br> v <br><br> HUNTER WARFIELD, INC., <br><br> Defendant. | Civil Action, File No. |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Eugenia Arpino [hereinafter "Arpino"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Hunter Warfield, Inc. ("HW"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on HW's regular transaction of business within this district. Venue in this district also is proper based on HW possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. HW also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Arpino is a natural person who resides at 405 Dolphin Lane, Holbrook, NY 11741.

6. Arpino is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about January 24, 2018, HW sent Arpino the letter annexed as Exhibit A. Arpino received and read Exhibit A. For the reasons set forth below, Arpino's receipt and reading of Exhibit A deprived Arpino of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. On or about March 8, 2018, HW sent Arpino the letter annexed as Exhibit B. Arpino received and read Exhibit B. For the reasons set forth below, Arpino's receipt and reading of Exhibit B deprived Arpino of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

9. Per statements and references in Exhibit A, HW sent Exhibit A to Arpino in an attempt to collect a past due debt.

10. Based on the contents of Exhibit B, HW sent Exhibit B in connection with an attempt to collect a debt.

11. The past due debt set forth in Exhibit A arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12. The past due debt set forth in Exhibit B arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. HW is a Maryland Domestic Corporation and a New York Foreign Corporation located in

Florida.

14. Based upon Exhibit A and upon HW possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of HW is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

15. On Exhibit A, HW identifies itself as a "debt collector" attempting to collect an alleged debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

16. Based upon the allegations in the above two paragraphs, HW is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

17. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-16 of this Complaint.

18. HW violated 15 USC § 1692e, 15 USC § 1692e(2)(A), 15 USC § 1692e(10) and 15 USC § 1692g by sending Exhibit A to Arpino.

## SECOND CAUSE OF ACTION--CLASS CLAIM

19. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-16 of this Complaint.

20. HW violated 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10) by sending Exhibit B to Arpino.

## CLASS ALLEGATIONS

21. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

22. The classes consist of:

    I.  (a) all natural persons (b) who received a letter from HW dated between January 24, 2018 and the present to collect an alleged past due consumer debt, (c) in a form materially identical or substantially similar to Exhibit A; and

    II. (a) all natural persons (b) who received a letter from HW dated between March 8, 2018 and the present to collect an alleged past due consumer debt, (c) in a form materially identical or substantially similar to Exhibit B.

23. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

24. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

25. The predominant common question is whether Defendant's letters violate the FDCPA.

26. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

27. A class action is the superior means of adjudicating this dispute.

28. Individual cases are not economically feasible.

    **WHEREFORE**, Plaintiff requests the following relief:

    1. A Judgment against HW in favor of Plaintiff and the class members for statutory damages in an amount to be determined at trial, and costs and attorney's fees; and

      2. Any and all other relief deemed just and warranted by this court.

Dated:     January 24, 2019

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107